during which the capital stock was outstanding, and it would be unfair to impose the tax for the whole year upon a corporation which was in existence only for a few months. This is why the practice has grown up of apportioning the tax to the time the capital stock was outstanding. This practice is founded on equitable principles and just considerations, and we can see no legal reason why it should be disturbed. It is within the power of the accounting officers of the commonwealth in the first instance, or of the court on appeal in a proper case, to apportion the tax according to the time the stock is outstanding, or to determine the amount of tax due for that portion of the year for which taxes are claimed.

After due consideration we have concluded that the court has the power to ascertain the value of the shares upon the basis indicated in our first opinion and that the order then made should not be disturbed. Record remitted so that the value of the shares may be ascertained according to the views hereinbefore expressed.

---

# Knight, Appellant, *v.* Press Company, Limited.

*Sunday law—Contract—Illegal contract—Distributing papers on Sunday—Act of April 22, 1794, 3 Sm. L. 177.*

A contract to distribute newspapers on Sunday is an illegal contract and unenforceable, inasmuch as it involves a wordly employment on Sunday prohibited by the Act of April 22, 1794, 3 Sm. L. 177.

Argued Jan. 11, 1910. Appeal, No. 135, Jan. T., 1909, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1898, No. 691, for defendant non obstante veredicto in case of John S. Knight v. Press Company, Limited. Before Fell, C. J., Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Assumpsit for work and labor done.

At the trial the jury returned a verdict for plaintiff for $1,817.20.

Subsequently the court entered judgment for defendant non obstante veredicto, FERGUSON, J., filing the following opinion:

The service for which the plaintiff claims compensation was rendered by him on Sundays. He was employed by the defendant and working during the week, and the present suit is for compensation for the Sundays during which he worked and for which he says he was not paid. There is a presumption that one who is paid by the week and receipts for his weekly wage is paid for all the services which he may render in the week, but the plaintiff testified to a special contract for compensation for his work on Sundays covering the period employed. The consideration rendered by him and for which he contends the defendant promised to pay him, was rendered on Sunday. It was not a contract which was executory, having its incipiency on Sunday and its conclusion on a secular day, but was to be performed on Sunday and, presumably, to be paid for each Sunday as the work was done. In Weeks v. Lippencott, 42 Pa. 474, Mr. Justice WOODWARD, delivering the opinion of the court, said: "Contracts which offend against the common law and public policy are void." In Smith on Contracts, (3d Am. ed.,) it is stated (p. 71): "Though it is unnecessary to show on what condition a deed is founded, the party sued upon it is always on his part allowed to show it was founded on illegal or immoral consideration, or that it was obtained by duress or by fraud." And the note (on page 73) quotes the remarks of Lord Mansfield as follows: "The objection that a contract is immoral or illegal as between the plaintiff and defendant sounds at all times very ill in the mouth of the defendant. It is not for his sake, however, that the objection is ever allowed, but it is founded on the general principles of policy, which the defendant has the advantage of, contrary to the real justice as between him and the plaintiff, by accident, if I may so say. The principle of public policy is this: ex dolo malo non oritur actio. No court will lend its aid to a man who founds his cause of action upon an immoral or illegal act. If from the plaintiff's own statement, or otherwise, it appears that the cause of action arises ex turpi causa or the transgression of a

positive law of this country then the court says he has no right to be assisted. It is upon that ground the court goes, not for the sake of the defendant, but because they will not lend their aid to such a plaintiff." In 9 Cyc. 465, it is said: "An illegal agreement will not be enforced, and hence is not a contract according to the definition of a contract. . . . It is immaterial, so far as the effect of the illegality is concerned, whether the object of the agreement is forbidden by the common law or by statute, or whether the thing forbidden is malum in se or malum prohibitum."

By the Act of April 22, 1794, 3 Sm. L. 177, sec. 1, worldly employment on the Lord's day, commonly called Sunday, is prohibited, and it has been held that selling newspapers on Sunday by a carrier is a performance of worldly employment within the meaning of the said act. See Com. v. Matthews, 152 Pa. 166. And in that case it was held that such employment did not come within the exceptions of the act of 1794, in that it was not a work of charity or necessity.

It is the plaintiff's contention that he was employed to distribute newspapers on Sunday. The work, therefore, for which he alleges he was employed being a service held to be one prohibited by the act of 1794, it was an illegal contract and unenforceable, and judgment must, therefore, be entered for the defendant.

The motion for judgment non obstante veredicto is granted, and an exception is allowed the plaintiff.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*De Forrest Ballou*, for appellant.

*John G. Johnson*, with him *James Wilson Bayard*, for appellee.

Per Curiam, February 14, 1910:

The judgment is affirmed on the opinion of Judge Ferguson on entering judgment for the defendant non obstante veredicto.