## Schindel v. Oswald Motor Company

*A. N. Pershing, Jr.*, for plaintiff.
*Henry & Shields*, for defendant.

PER CURIAM, July 24, 1936.—In his statement of claim, plaintiff alleges that on September 20, 1934, he agreed to trade to defendants his 1928 Studebaker sedan automobile, in return for which defendant agreed (*a*) to credit

plaintiff's account with the sum of $100, which could be used if and when plaintiff should purchase a car from defendants; (b) to allow plaintiff credit for a new automatic clutch of the value of $8.50, if and when he purchased a car from defendants; (c) to furnish plaintiff or plaintiff's wife with a car for the transportation of plaintiff's wife until plaintiff would purchase a car from defendants. Plaintiff alleges that the said agreement was verbal.

Plaintiff further avers that, pursuant to said agreement, he gave defendants possession of his automobile with the transfer of the title thereto; that on March 3, 1935, having need for transportation for himself and wife on the following day to West Newton to attend a dinner at West Newton, plaintiff requested defendants "for transportation" to West Newton; that defendants refused to provide the transportation for plaintiff and plaintiff's wife to West Newton to attend said dinner; that plaintiff then notified defendants that he would no longer go through with the agreement aforesaid, and that plaintiff seeks to recover the loss which he sustained by reason of defendants' violation of said contract, to wit, the sum of $108, defendants having sold the said automobile so as aforesaid delivered to them by plaintiff.

The only breach of contract alleged in plaintiff's statement of claim is that defendants on March 3, 1935, refused to provide plaintiff and his wife with transportation to West Newton on the following day, March 4, 1935. However, plaintiff testified that his request for transportation was made to defendant on March 2, 1935, and that his request for transportation to West Newton was to be performed by defendants on March 3, 1935. It also appears by the testimony that March 3, 1935, was Sunday.

It appears that defendants were doing business as Oswald Motor Company, were also known as the City Motor Company, and engaged in automobile sales, repairs and garage business.

The Act of April 22, 1794, 3 Sm. L. 177, sec. 1, makes it unlawful for any person to "do or perform any worldly employment or business whatsoever on the Lord's Day, commonly called Sunday, works of necessity and charity only excepted."

It is undisputed that plaintiff, who lived in Mt. Pleasant, desired to visit friends in West Newton to attend a dinner there. Thus it appears that the purpose of this visit by plaintiff was not a work of necessity, charity or mercy, but was an excursion for pleasure only.

"The Act of April 22, 1794, [3] Smith Laws 177, prohibits the performing of any worldly employment or business on Sunday and the law will neither lend its aid to enforce contracts made on that day, nor set aside such contracts when they have been fully executed by the parties. The courts will take judicial notice of the fact that a certain day was Sunday": Ankeny, Admr., v. Lohr, 99 Pa. Superior Ct. 203.

Contracts involving worldly employment on Sunday are illegal and unenforcible: Knight v. Press Company, Limited, 227 Pa. 185.

"Neither party [to a contract] can insist on performance on Sunday": 2 Page on Contracts §957.

". . . a contract made on Sunday for the hire of horses, to be used on Sunday . . . was void": Berrill v. Smith, 2 Miles 402.

"There is no right to demand the performance on Sunday of a contract when such performance involves the doing of acts prohibited by Sunday regulations, and no rights can be founded on such a demand": 60 C. J. 1111.

Motor vehicles owned by dealers may be operated by prospective purchasers, legally, only when the prospective purchaser is a licensed operator and when accompanied by the dealer or his employe: See section 502 of The Vehicle Code of May 1, 1929, P. L. 905. Section 508 of The Vehicle Code prohibits the lending of dealer's registration plates. Section 601 of The Vehicle Code prohibits operation of motor vehicles by an unlicensed operator.

Section 622 of The Vehicle Code provides:

"No person shall authorize or permit a motor vehicle owned by him, or under his control, to be operated by any person who has no legal right to do so, or in violation of any of the provisions of this act."

Plaintiff contends that defendants could and should have furnished plaintiff transportation from Mt. Pleasant to West Newton on Sunday, March 3, 1935. However, in the statement of claim, plaintiff does not allege that defendants contracted to furnish transportation but, on the contrary, alleges that defendants contracted to furnish plaintiff "with a car for transportation." There was no proof that plaintiff had a license to operate a motor vehicle. Therefore, if defendants had loaned an automobile to plaintiff, it would have been unlawful for plaintiff to operate such automobile. If defendants had loaned plaintiff an automobile for the purpose of this excursion for pleasure, plaintiff could not have operated such automobile. If defendants had furnished an automobile and a licensed driver to transport plaintiff on such pleasure excursion on Sunday, this would have constituted a violation of the laws of Pennsylvania.

Since plaintiff did not have a license to operate an automobile, defendants could not "furnish plaintiff . . . with a car for transportation" for the purpose of an excursion for pleasure without violating the laws of Pennsylvania. In other words, plaintiff had no right to demand of defendants performance of a contract, since such performance would constitute the doing of an act prohibited by the Act of April 22, 1794, 3 Sm. L. 177.

The court is, therefore, constrained to decide that plaintiff's motion to take off the compulsory nonsuit, entered by the trial judge, must be refused. Of course, if, in the future, defendants should violate the terms of their contract with plaintiff, such violation would entitle plaintiff to institute another action based upon the violation of the same contract.

*Decree*

And now, July 24, 1936, after argument by counsel and upon careful consideration, it is ordered, adjudged and decreed that plaintiff's motion to take off the compulsory nonsuit, entered in this case on May 5, 1936, be, and the same is hereby, overruled.