Eizen v. Stecker, Inc., Appellant.

498

Argued January 15, 1929. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Chas. Fox,* of *Fox & Rothchild,* for appellant.

*Edward Fischer,* of *Rose & Fischer,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, February 11, 1929:

Plaintiff is a furrier engaged in manufacturing, repairing and remodeling furs and fur coats. Defendant is engaged in merchandising these articles. The statement of claim sets forth that plaintiff sold and delivered furs and fur coats to defendant and repaired, remodeled and altered fur coats belonging to it and its customers in accordance with instructions given by defendant. The statement of claim consists of thirty-one numbered paragraphs, in which are set forth the details of plaintiff's

claim, and of exhibits consisting of copies of invoices, lists of instructions, instruction tags and copies of book entries covering eighty pages in the record, and the affidavits of defense, with their appended exhibits, cover almost fifty pages more. Together the statement and affidavits show a somewhat complicated state of accounts. The total claim of plaintiff amounts to $8,584.50, with interest from thirty days after the date of each respective item of charge. The court below held the affidavit and supplemental one insufficient as to certain of the items claimed and entered judgment for plaintiff for $4,458, without prejudice to the right of plaintiff to proceed to trial for the balance of his claim.

From the order entering judgment defendant appeals and presses upon us as the principal ground for a setting aside of the judgment the allegation in the supplemental affidavit that plaintiff entered into a conspiracy with one of its, defendant's, employees, who was buyer for and head of its fur department, in which it was agreed that the plaintiff would overcharge the defendant for repairs made on coats of defendant's customers, which overcharges were to be approved for payment by the employee and were to be divided between him and plaintiff and that the employee was to approve all work done by plaintiff, whether done in a satisfactory and workmanlike manner or not. It is argued that the arrangement thus entered into by plaintiff with defendant's employee was a crime under the provisions of the Act of June 29, 1923, P. L. 977, covering the bribery of another's agent, employee or servant, and rendering all contracts between plaintiff and defendant void and prevents recovery of any sum under such authorities as Snaman v. Maginn, 77 Pa. Superior Ct. 287; New York & Pennsylvania Co. v. Cunard Coal Co., 286 Pa. 72; Standard Lumber Co. v. Butler Ice Co., 146 Fed. 359; Swing v. Munson, 191 Pa. 582; Knight v. Press Co., Ltd., 227 Pa. 185; Sirkin v. Fourteenth Street Store, 124 App. Div. 384, 108 N. Y. Supp. 830, and other cases

500

cited. It was the opinion of the court below that the conspiracy was not alleged with sufficient specification and particularity and that in other respects the affidavits of defense were not sufficiently specific.

After a careful study of the entire record and the briefs of counsel, we have reached the conclusion that a summary judgment should not be approved except for the sum of $448, which defendant admits to be due and which arose out of transactions not affected by the Act of 1923, and that the case should proceed to a jury trial for the balance of the amount claimed. It is a case in which, as now presented, we are in doubt and "Where a doubt exists as to whether or not a summary judgment should be entered, this should be resolved in favor of refusing to enter it": Rhodes v. Terheyden, 272 Pa. 397; County Savings Bank of Scranton v. Gillette, 273 Pa. 262. "Judgment for want of a sufficient affidavit of defense should not be ordered except in clear cases. Doubtful cases should go to trial, especially those involving intricate relations demanding an inquiry into the facts of the controversy": Helfenstein v. Line Mountain Coal Co., 284 Pa. 78, 81.

In disposing of the case as we do, we do not wish to be understood as determining the applicability of the Act of 1923 to the particular facts as they shall be developed by the testimony to be given on the trial or its bearing on the entire controversy. We will pass upon the effect of the statute when the case comes before us, if it does, for final review. It is an enactment important to the business world and should only be determined upon by us when the fully developed facts to which it is or is not to be applied are in evidence.

The judgment is reversed with directions to enter judgment for plaintiff for $448, with interest, and a procedendo for the remainder of the amount claimed.