Dougherty et ux. *v.* Wood et al.

Argued October 14, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*C. Donald Swartz* of *Swartz & Campbell,* for appellant.

*Philip Dorfman,* for appellee.

Opinion by Linn, J., January 28, 1932:

Plaintiff's daughter, a passenger in Wood's car, was killed in a collision with Evans' car; they sued both Wood and Evans and have judgment against Wood. Execution was returned nulla bona. This attachment execution followed, and the appellant company, insurer of Wood, the judgment debtor, was summoned as garnishee. Interrogatories were issued and answered. After argument, judgment for plaintiffs was entered against the garnishee on the answers.

The garnishee has appealed and contends that its answers raise questions for a jury. It contends that, after the accident, it was released from liability by

Wood's failure to co-operate, as the policy requires, in preparing the defense for trial. The plaintiffs say that the answers do not set forth such a defense, and that they also show that appellant is estopped from denying liability to the plaintiffs on the policy.

We confine our review to the record, and must therefore disregard the statements of fact made in appellants' brief "in order," as appellants' counsel there states "that this court may properly inquire into the future action of the company in re-assuming liability as to Evans and the occupants of his car." In its answers it admitted insuring the judgment debtor, Wood, and attached a copy of the policy. It is a policy indemnifying against liability (see Malley v. American Indemnity Company, 297 Pa. 216, 220) and was in force at the time of the accident, April 28, 1929. The garnishee answers that on or prior to July 21, 1929, it "instructed its attorneys to enter their appearance to defend this suit." Such appearance was entered. The case was tried March 9, 1931. A number of other interrogatories inquired, in substance, whether the garnishee by its attorneys appeared at the trial and conducted the defense; these, the garnishee answered, by saying that the attorneys "were acting for the defendant, Wood, and were not specifically instructed by the [garnishee] to attend said trial," and that they acted for Wood. To interrogatories asking for copies of all letters passing between the garnishee and defendants; the garnishee gave two and a copy of a contract by the garnishee and Wood, made November 29, 1929. The garnishee refused to answer a number of other questions, some of which, as we understand the case from what is presented, were relevant. On the facts so far stated, if there were nothing more, judgment on the answers would go against the garnishee, for it appears that the plaintiffs have judgment against the insured, payable by the terms of the policy.

It remains, then, to see whether in the letters or the agreement, not yet considered, there is anything to prevent the entry of such judgment as would ordinarily follow. The first letter is dated June 26, 1929 prior to the entry of appearance for Wood in the suit. It is written by the attorneys for the insurer, who subsequently appeared for Wood. It acknowledges receipt from him of a writ sent by him to the insurer, and asks him to communicate with them immediately "in order that we may know whether or not our appearance should be entered for you." It states that they had written "in detail what additional information we wanted in reference to the accident, and this letter has also been ignored. Our client does not feel it is receiving from you the co-operation which is required by the terms of your policy, and you are hereby instructed that if you continue to ignore this matter and fail to communicate with us on or before Wednesday, July 3, in order to give us a complete and detailed statement as to the accident, our client will be forced to conclude that you do not intend to carry out the provisions of your policy and will refuse to assume any liability on the policy as to the accident of April 28, 1929." Notwithstanding that letter they entered their appearance as has been stated.

The other letter is dated September 10, 1929, and states that the insurer "refuses to assume any liability as to claims arising out of the accident of April 28, 1929, by reason of your failure to co-operate with the company as required by your policy." We note in passing that there is nothing in the record, except those most general statements, to enable the court to determine whether the objection was real or fictitious, or whether, if real, its consequences were harmful or harmless.

The contract referred to in the answer is by the insurer and Wood, is dated November 29, 1929, and

occupies nearly three printed pages; it has three provisions; the insurer agrees first, to "re-assume full responsibility" for the claim of Evans and the occupants of his car against Wood; second, to "furnish counsel" and assist Wood in the defense of any and all suits which may be entered [the present suit was then pending and at issue] against him by [Dougherty et al.] but will not pay any verdict which may be obtained against Wood in such suits; third, Wood releases the insured of all obligation on the policy as to the Dougherty claims (except to defend them as provided in the second provision) and "Wood hereby agrees that as to such claims he has failed to comply with the policy provisions and has failed to co-operate with the [insured] thereby relieving the [insured] from all responsibilities whatsoever, except that which has been voluntarily assumed by [insured]" to defend the Dougherty suits. We find nothing in the record to enable us to say that there was such failure to co-operate as constitutes a defense against a judgment creditor in cases of this class (see Conroy v. Commercial Casualty Insurance Company, 292 Pa. 219, 224). What did Wood omit doing that he was required to do? The letter says he "ignored" the matter, and "failed to communicate with counsel," and he is given until July 3, 1929 to do something. He fails to comply. But, in the words of Conroy's case, supra, even though we are not told of what this conduct consisted, we must inquire whether it resulted "in a substantial prejudice and injury to [the insurer's] position in the matter?" The case against Wood was tried much over a year later by the insurer's attorneys; if, in that trial, any substantial prejudice or injury resulted from Wood's conduct sixteen months earlier, it must have been known; why wasn't it stated? Wood's admission amounts to nothing in the inquiry that must be made on this record, because it merely repeats the

conclusion stated in the letter of the insured; that may have been "a mere technical departure from the letter of the bond" (Conroy's case, supra). If there were substance in the defense, it could have been stated; we must assume the pleader did the best he could with the material furnished him, and that no harm resulted from Wood's conduct whatever it was. See also Malley v. American Indemnity Company, (supra), Moses v. Ferrel et al., 97 Pa. Superior Ct. 13; Johnson v. Hermann, 101 Ibid 198; Lewis v. Fidelity Casualty Company, 304 Pa. 503, 509.

Judgment affirmed.