## Tomlinson v. Goldberg (Penn General Casualty Company, Appel.).

126

Argued October 18, 1935.

Before Keller, P. J., Baldrige, Stadtfeld, James and Rhodes, JJ.

*J. Webster Jones,* for appellant.

*J. Myron Honigman,* for appellee.

Opinion by Rhodes, J., January 31, 1936:
This is an appeal by the Penn General Casualty Com-

pany from a judgment entered against it for want of sufficient answers to interrogatories which were directed to it as garnishee in an attachment sur judgment proceeding.

From such parts of the record as have been submitted to us, we gather the following material facts from which this action arose: The appellant issued, on August 11, 1931, a policy of automobile indemnity insurance to Nathan Goldberg. While the policy was still in force, on February 9, 1932, William Tomlinson, while a passenger in another automobile, suffered injuries as the result of a collision with Goldberg's car, which was operated at the time by Samuel Selkow, a servant and employee of Nathan Goldberg. Tomlinson instituted an action of trespass against both Goldberg and Selkow to recover damages. Appellant's counsel entered his appearance for both defendants, and represented Goldberg to the moment of trial. The defendant Goldberg did not appear on the day the case was called for trial, and appellant's counsel withdrew his appearance. The case was heard, and a judgment was rendered in favor of the plaintiff and against the defendant Goldberg, the owner of the automobile, in the amount of $2,500. An attachment sur judgment was issued, and the appellant was brought in as garnishee. Interrogatories were filed by the plaintiff and answered by the appellant. The plaintiff moved for judgment for want of sufficient answers to the interrogatories. The court in banc entered judgment against the garnishee on the motion. This appeal followed.

It is agreed that the sole question raised on this appeal is one of law, as to whether or not the answers filed by the appellant to the interrogatories set up a good defense under the policy of the appellant.

The appellant contends that its answers show that, when the case was called for trial, on November 1, 1934, in the court below, the defendant Goldberg failed to

appear after due notice to give his testimony and aid in the defense of the case, and that he was the only witness for the defendant known to the appellant. The appellant also contends that it is not liable on these facts under its policy to the defendant Goldberg, and therefore not liable to appellee, the plaintiff and the attaching judgment creditor.

The material portion of the policy issued by the appellant to the defendant Goldberg reads as follows: "Whenever requested by the company, the assured shall aid in securing information, evidence, and the attendance of witnesses; and shall at all times render to the company all reasonable co-operation and assistance."

The appellant refused to answer most of the interrogatories, especially those relating to its activity and conduct in connection with the case prior to trial, and also those relating to the defendant's cooperation in the preliminary proceedings and in the preparation for trial. The refusal to answer was on the ground that these interrogatories were immaterial and irrelevant, or not pertinent to the issue raised by the appellant. We are of the opinion that some of these interrogatories, which the appellant as garnishee refused to answer, were relevant. Appellant's answers denying liability are too general, and its answers as an entirety are plainly insufficient.

The appellant answers the thirtieth interrogatory by saying that, when the case was called for trial on November 1, 1934, appellant's counsel, in pursuance of the authority conferred upon him by appellant, informed the 'trial commissioner' and counsel for the plaintiff "that the defendant had not appeared after due notice, and after various efforts to have him appear, and that as the defendant was the only witness known to counsel, who was defendant's counsel representing the insurance company, counsel would not defend the case or appear therein any further, but would decline

at that time and for these reasons, all liability under its policy to the said Nathan Goldberg for his failure to appear after due notice."

To the thirty-eighth interrogatory, appellant answered that it never notified its assured, Nathan Goldberg, of its disclaimer of liability "because the grounds for disclaimer of liability under the policy did not arise prior to the trial of the case, but arose on October 31st, 1934, when the said case was tried, and on which date the said Nathan Goldberg failed to appear as required under the terms of the policy, to defend the suit of the said Tomlinson, although the said Goldberg had due and timely notice of the listing of the said trial."

In reply to certain other interrogatories, the appellant answered that it notified the defendant Goldberg of the listing of the case for trial; that said notice was given by letter, attached to the answers and marked "Exhibit B," dated October 27, 1934, addressed and mailed to Nathan Goldberg, 1010 Clifton Avenue, Collingdale, Pa. The letter set forth that the case was listed for trial on October 31, 1934; that it was necessary for him to be at the office of counsel for appellant, on the date of trial at not later than 9:15 A. M., together with Samuel Selkow who was driving defendant's car; and that he acknowledge receipt of the letter by return mail. The record before us shows that the original summons instituting suit, which the appellant in answering the interrogatories admits it received, was served on the defendant at 504 Ritner Street, Philadelphia.

The insufficiency of appellant's answers is too obvious to warrant extended discussion.

Appellant's statement in his answer that "defendant was the only witness known to counsel" for appellant is contradicted by its letter to defendant, wherein it asked him to meet at the office of appellant's counsel "with Samuel Selkow who was driving your car."

Appellant in its answer does not aver that defendant

refused to cooperate in the preparation of the case; that he refused to give a statement relative to the accident; that he refused to give information so that appellant was unable to make defense; that he refused to execute any pleadings; that his testimony would have been material or beneficial to appellant if he had appeared; that defendant knew of the trial and was able to appear; that there was any collusion, fraud, or lack of good faith on the part of the defendant; or that the letter of notification of trial was properly addressed or received by the defendant. Appellant's answers fail to state what other efforts were made to have defendant appear, or in what manner his absence was prejudicial to its interest, or that there was any substantial prejudice or injury to the position of the appellant that resulted from his absence at the trial. Conroy v. Commercial Casualty Ins. Co., 292 Pa. 219, 140 A. 905.

Appellant's general denial of liability because of the absence of defendant at the trial is insufficient. Moses v. Ferrel and Indemnity Company of America, 97 Pa. Superior Ct. 13; Dougherty et ux. v. Wood et al., 105 Pa. Superior Ct. 1, 158 A. 203.

Moreover, appellant's answers fail to aver or disclose any act or conduct on the part of the defendant which is a material variance from the terms of its policy. See Conroy v. Commercial Casualty Ins. Co., supra; Young v. American Bonding Company of Baltimore, 228 Pa. 373, 77 A. 623; Sokoloff v. Fidelity & Casualty Co. of New York, 288 Pa. 211, 135 A. 746.

The plaintiff is entitled to recover. The action of the court below was correct and proper.

Judgment is affirmed.