## Collins *v.* O'Donnell et al. (Associated Fire Insurance Company, Appellant).

Argued January 27, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Orrin E. Boyle,* with him *Bernard J. Myers,* for appellant.

*William H. Schneller,* with him *Cletus M. Lyman,* for appellee.

OPINION BY MR. JUSTICE LINN, March 22, 1937:

This appeal is by a garnishee from judgment on the answers to interrogatories in attachment execution. The garnishee may resist the attachment by showing a defense available against the judgment debtor: *Aarons v. Public Service B. & L. Assn.,* 318 Pa. 113, 178 A. 141. Such defenses may be set forth in the garnishee's answers to the interrogatories. If denial of liability is based on facts alleged, plaintiff may rule the garnishee to plead to issue and go to trial: *Lancaster County Bank v. Gross,* 50 Pa. 224, 230. If liability is not denied and no defense against the judgment creditor is averred, judgment on the answers would of course go against the garnishee. See *Dougherty v. Wood,* 105 Pa. Superior Ct. 1, 158 A. 203; *Tomlinson v. Goldberg,* 121 Pa. Superior Ct. 125, 182 A. 765. But where a defense on the merits is averred in the answers, judgment on the answers cannot be sustained. It has long been the rule in actions of assumpsit that judgment for want of a sufficient affidavit of defense may be entered only in clear cases: *Eizen v. Stecker, Inc.,* 295 Pa. 497, 145 A. 606. The same is true in actions of replevin: *Willys-Overland v. Stry,* 76 Pa. Superior Ct. 315. It is the rule which would have been applied if the judgment debtor had sued the garnishee directly on the obligation, the benefit of which, the attaching creditor is seeking by attachment execution, which in effect is a suit by the judgment debtor to the use of the attaching creditor. It has been held that answers to interrogatories are not to be construed with the same strictness as an affidavit of defense: *Stern v. Harrod,* 90 Pa. Superior Ct. 327, 330; *McCallum v. Lockhart,* 179 Pa. 427, 36 A. 231; *Allegheny Savings Bank v. Meyer,* 59 Pa. 361. We all agree that this rule should be applied in passing on motions for judgment on the answers. The present record calls for the application of the rule.

A short statement of facts is sufficient. While the plaintiff, Miss Collins, was defendant's guest in his car, he collided with a blinker in an Allentown street and injured her. She sued him and has judgment on a verdict for $4,500. Instead of collecting from him, she issued this attachment execution to assert his rights against the garnishee under a policy of indemnity insurance. But she can recover only if he could. One of the defenses alleged in the answers,* briefly stated, is that defendant refused to coöperate with the garnishee in defending the suit brought against him by his guest: compare *Graham v. U. S., etc., Co.,* 308 Pa. 534, 162 A. 902; *Conroy v. Commercial Casualty Ins. Co.,* 292 Pa. 219, 224, 140 A. 905. Appellee contends that the averments do not go far enough in that it does not sufficiently appear how and to what extent the garnishee was damaged by defendant's alleged breach of contract. We think it obvious that damage resulted if the facts are as averred. Following the rule applied in appeals where summary judgment cannot be affirmed we refrain from discussing what may or may not turn out to be the facts until they can be determined by a jury, and certainly dealt with in the light of the trial; especially is this desirable in this case in view of the averments of fraud and collusion.

Judgment reversed with a procedendo.

---

* They are enumerated as follows by appellant:

"1. 'That the defendant refused to coöperate in the preparation of the case.'

"2. 'That he refused to give a statement relative to the accident.'

"3. 'That he refused to give information so that appellant was unable to make defense.'

"4. 'That he refused to execute any pleadings.'

"5. 'That there was collusion, fraud and lack of good faith on the part of the defendant,' and

"6. 'That the defendant had actual knowledge of the time set for trial, and refused and neglected to coöperate with counsel in preparing for it.' "