Cameron *v.* Berger (et al., Appellant).
Conevery *v.* Berger (et al., Appellant).

Argued March 15, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Samuel Handler*, with him *Karl E. Richards* and *Earl Handler*, for appellant.

*Maurice R. Metzger*, of *Metzger & Wickersham*, for appellees.

OPINION BY PARKER, J., September 28, 1938:

These two cases were tried by the same jury in the court below and argued here at one time. The questions involved are identical and will therefore be considered in one opinion. The appeals are by the Pennsylvania Indemnity Corporation from judgments entered on verdicts in attachment sur judgment proceedings, and the appellant assigns as error the refusal of its motion for judgment n. o. v. and its motion for a new trial in each case. These cases arose as the result of a collision between two automobiles, one owned by one plaintiff and operated by the other plaintiff and the other owned and operated by defendant, where the defendant was insured by the garnishee against liability for personal injuries and property damage and after verdicts for the plaintiffs in actions of trespass. The defense interposed in the present actions was the alleged failure of the defendant to cooperate in defense of the actions of trespass as was required by the insurance contract.

The garnishee issued to Loretta J. Berger on April 23, 1931, a policy of insurance on her Studebaker car, covering bodily injuries and property damage for which the insured might be liable by reason of the ownership, maintenance, use, or operation of her car for the term of one year, subject to certain limitations as to amount. The insurance policy provided, with reference to notice of claims, as follows: "Insured upon the occurrence of any accident shall send immediate written notice thereof with the fullest information obtainable at the time to office of Company or its authorized agent. Insured shall at all times render all cooperation and assistance in his power and shall furnish Company such information, receipts, vouchers and sworn statements, when and as the same may be required. Insured, whenever requested, shall aid in effecting settlement, securing information and evidence, attendance of witnesses and in

prosecuting and defending suits and appeals." It was also provided that insolvency or bankruptcy of the insured should not release the company from the payment of indemnities provided for in the policy, and that in case execution against the insured was returned unsatisfied in an action brought by the injured person, then an action might be maintained by the injured party under the terms of the policy for the amount of the judgment in such action not exceeding the limits set forth in the policy. The plaintiffs elected to proceed by attachment sur judgment rather than by actions in assumpsit. Interrogatories and answers were filed and the issues were submitted to a jury which found verdicts for the plaintiffs.

On November 18, 1931, while the insurance was in force, a collision occurred between two motor vehicles, one driven by Mary C. Cameron and the other by Loretta J. Berger. In that accident Mrs. Cameron received personal injuries and the car driven by her, which belonged to her brother, Robert A. Conevery, was damaged. Mrs. Cameron and Loretta J. Berger were the only eye witnesses to the accident. Loretta J. Berger made prompt report of the accident to the garnishee and the garnishee replied on November 20, 1931, to Loretta J. Berger and requested her to immediately forward to the garnishee's office in Harrisburg "all communications received or legal papers which might be served upon you [her], pertinent to this accident." Following the accident, the company had one of its investigators, its local district claims manager, and a district claims manager for the Scranton district investigate the accident and interview both Mrs. Cameron and Mrs. Berger. On or about February 12, 1932, Mrs. Berger vacated her home and either fled from the state of Pennsylvania or concealed herself to avoid arrest and prosecutions as a "pow-wow", or "hex-doctor", and for larceny by bailee.

Testimony was produced by the garnishee tending to show that one of its agents made a number of attempts to locate her after she had left; that a special investigator of the State Board of Licensure of the Department of Public Instruction made investigations between the middle of February, 1932, and the middle of April, 1932, and was unable to locate her; that similar attempts to locate her were made by the chief investigator of the Department of Public Instruction without success; that a representative of the state police made a like effort with similar results; that the grand jury for Dauphin County, at the March Sessions, 1932, found four indictments against her; and that owing to her absence the cases had not been tried.

On June 20, 1932, Mary C. Cameron and Robert A. Conevery instituted separate actions in trespass against Mrs. Berger in a court of common pleas, one case being for personal injuries and the other for property damage. Owing to her absence, service of the summons in each case was made upon the Secretary of Revenue, as provided by the Act of April 24, 1931, P. L. 50 (75 PS §1201, et seq.). The garnishee, the insurer, had no notice of the bringing of these suits until October 11, 1932, when notice was received for the first time from counsel for the plaintiffs. By letter dated October 10, 1932, counsel for the plaintiffs, in advising the garnishee of the institution of the suits, said: "Mrs. Berger, as you probably remember, is the lady who conducted a pow-wow business at Palmyra and afterwards left for parts unknown. You can, therefore, have your Attorney enter his appearance in these cases if you desire so to do."

On October 20, 1932, the garnishee sent to the insured at her given address by registered mail two identical letters which were returned, part of which letters is printed in the margin,[1] advising her that suits

---

[1] "Having learned, as above stated, of the bringing of these

had been brought against her by the plaintiffs and that garnishee declined to enter any appearance or to accept any responsibility for the claims because the insured had failed to cooperate in accordance with the provisions in the policy. On the same date the garnishee advised counsel for the plaintiffs that it declined to assume any liability on behalf of the insured. No reply having been received the garnishee took no part in the trial of the trespass actions. The garnishee furnished testimony showing that since the filing of the suits the insured had never communicated with the garnishee, furnished to it any papers in connection with the suit, nor afforded it the opportunity of conference or cooperation. Mrs. Berger did not appear at any stage of the proceedings and the damage suits were tried without the presence of the defendant or any counsel representing her. The result was a verdict in favor of Mrs. Cameron for $1,750 and one for Mr. Conevery for $750.

The appellant contends that it was entitled to binding instructions on trial of these cases and that judgments n. o. v. should now be entered for it. To entitle the garnishee to judgment as a matter of law it must appear that Mrs. Berger failed to furnish the cooperation in defense of the trespass actions that was required by the contract of insurance and, since the insurer relied upon a fact specially mentioned in the policy as relieving it of liability, that was an affirmative defense

suits, we have declined to enter any appearance so that we would not prejudice any right which you might have to question the manner of service and we are hereby notifying you of the bringing of the suits so that you may employ counsel and protect yourself properly and we are also saying to you now and finally that by reason of the failure on your part to give us notice of the bringing of the suits and to cooperate with us in the defense thereof, we decline to accept any responsibility whatever for these claims. You will appreciate that it is important for you to take prompt action in the matter for your own protection."

and the insurer had the burden of going forward with evidence showing lack of cooperation: *Zenner v. Goetz,* 324 Pa. 432, 435, 188 A. 124; *Shaffer v. Hebenstreit,* 119 Pa. Superior Ct. 159, 180 A. 725. When a defense of the nature here made is presented, it is also pertinent to inquire whether the insurer has by its conduct lost its right to avail itself of such a defense as, for example, by continuing a defense of the action after the lack of cooperation by the insured appeared and taking its chance on a verdict: *Malley v. American Indemnity Corp.,* 297 Pa. 216, 146 A. 571; *Graham v. U. S. Fid. & Guar. Co.,* 308 Pa. 534, 540, 162 A. 902. The rights of the attaching creditors cannot rise higher than those which the defendant had against the garnishee, and the liability of the latter is measured by its responsibility in case the debtor himself had brought an action to recover on the policy: *Austin-Nichols & Co. v. Union Trust Co.,* 289 Pa. 341, 137 A. 461; *Knight v. Red Ball Transit Co.,* 306 Pa. 371, 159 A. 715; *Duffy v. B. & L. Assn.,* 122 Pa. Superior Ct. 113, 118, 184 A. **549.**

In the preparation of the defense to a charge of negligence there are two phases, to wit, the prompt investigations made prior to the bringing of legal action and the preparation and conduct of the litigation after suit is actually brought. Here the insured promptly notified the insurer of the accident and the witnesses were interviewed by representatives of the insurance company, and there was not the slightest evidence of lack of cooperation prior to the middle of February, 1932, when Mrs. Berger absconded. Neither was there any evidence that the insurer needed her further aid prior to the time plaintiffs brought actual suit in June, 1932.

We are therefore limited to a consideration of the situation after that last-mentioned date. That, however, was the beginning of the critical period for then it was necessary to defend the suit and meet the specific

charges declared by the plaintiffs. As Mrs. Berger had then absented herself from her usual residence and place of business, had departed without making known her destination and continued in hiding, it is most evident that from that time she not only failed to furnish the insurer any assistance, but she put it beyond the power of the insurance company to reach her when it wished to avail itself of the knowledge she possessed as a participant in the accident. The fact that she had absconded was proved not only by the investigations of public officers and her fleeing from four indictments, but it was shown by the letter from counsel for plaintiff to the insurance company advising it that she had absconded. It follows that during this period she did not cooperate as she was required to do by the contract, and it only remains to inquire whether the garnishee was prejudiced by her absence.

The garnishee, in its supplemental answers to interrogatories filed, averred that Mrs. Berger was alone in her machine at the time of the accident and that there were no witnesses to the accident other than one plaintiff and the defendant; that the only person upon whom garnishee could rely for any statement or evidence as to the manner of the happening of the accident was defendant herself; and "that by reason of her absence and failure to cooperate in the defense of said suit, garnishee has been prejudiced substantially by being deprived of the story of the only witness who could testify from the defendant's point of view."

The suit was brought June 10, 1932, and the garnishee had no knowledge of the legal action until October 11, 1932, although it had in writing requested that Mrs. Berger promptly forward to the company all "legal papers served upon her pertinent to this accident." The notice of the suit then came from counsel for plaintiffs and advised the company that the case would be called for trial November 15, 1932. While the

summons had not been served on Mrs. Berger and, in the literal wording of the request of the company, she was only to forward papers served on her, that situation arose because she had fled from the jurisdiction and was then a fugitive from justice. That she did not receive the summons and statement of claim was not the fault of the company but was due to her own actions.

Threatened with actual trial in one month, the insurer and its counsel found themselves without a client and in a dilemma where Mrs. Cameron, a plaintiff, and Mrs. Berger were the only eye witnesses to the accident. If the insurer appeared in the trespass action and defended the action it would be estopped from denying liability. We do not see how it could possibly be said that the insurer was not prejudiced by such a situation. It was not until the declarations were filed in the trespass actions that the insurer knew the precise nature of the charge of negligence and, consequently, what it had to meet. The company endeavored to locate her without success. Under the contract of insurance it was entitled to her aid and assistance. It will not do to say that the plaintiffs in the trespass actions had a strong case and the defendant a weak one for there was involved not only the question as to who would get a verdict, but also how large that verdict might be. The very fact that defendant was absent without explanation and could not be secured was prejudicial to garnishee's rights and would have had a material effect on the verdicts. There was not only a lack of cooperation on the part of Mrs. Berger, but an absence of any cooperation whatever and at a time when it was badly needed. In *Conroy v. Commercial Casualty Ins. Co.*, 292 Pa. 219, 225, 140 A. 905, the Supreme Court said: "If the insured refuses to give any information, so that the company is unable to make defense, it cannot be said there is cooperation,

and in that case a recovery should be denied: *Coleman v. New Amsterdam Casualty Co.,* 213 N. Y. Supp. 522. The same is true if he absents himself so that his evidence cannot be taken advantage of: *Schoenfeld v. N. J. F. & P. Glass Ins. Co.,* 197 N. Y. Supp. 606."

The insurance company was justified in feeling that a further interview with Mrs. Berger was indispensable to proper preparation and trial and that her presence and assistance in court at the trial were essential to the defense: *Goldberg v. Preferred Accident Ins. Co.,* 279 Mass. 393, 181 N. E. 235, 237. The garnishee's affirmative defense having been made out by public records, the testimony of public officers who pursued her, and the admission of the plaintiffs that she had absconded, the ordinary rule as to oral evidence is not applicable and the cases were for the court and it should have entered verdicts for the defendant. The evidence shows that the only witness for the defense who knew about the accident was the assured, Mrs. Berger, and she placed herself in a position where she could not attend and testify at the trial. "The condition of the policy requiring cooperation on the part of the assured in the defense of the action brought against him [her] by the injured party is one of great importance. Without the presence of the assured and his [her] aid in preparing the case for trial, the insurance company is handicapped, and such lack of cooperation must result in making the action incapable of [proper] defense": *Schneider v. Autoist Mutual Ins. Co.,* 346 Ill. 137, 178 N. E. 466. Also, see *Hutt v. Travelers' Ins. Co.,* 110 N. J. L. 57, 164 A. 12.

On this phase of the controversy the appellee cites *Tomlinson v. Goldberg,* 121 Pa. Superior Ct. 125, 182 A. 765; *Moses v. Ferrel,* 97 Pa. Superior Ct. 13; *Dougherty v. Wood,* 105 Pa. Superior Ct. 1, 158 A. 203; *Graham v. U. S. Fid. & Guar. Co.,* supra; and *Bachman v. Monte,* 326 Pa. 289, 192 A. 485, which cases discuss

situations where there was evidence tending to show that the insurer was not prejudiced by any alleged failure on the part of the insured to cooperate. In this connection there was some additional evidence which, although contradicted, we must accept as true in the consideration of these motions for judgment. Mrs. Cameron testified that she heard the district claims manager of the insurer say to an attorney: "Tell Mrs. Cameron to wait, Mrs. Berger is going to bring suit in Snyder County where the accident occurred"; that the Scranton district claims manager of the garnishee stated that if she would discharge her attorneys he thought "probably" a settlement would be made; that he "wished that the Pennsylvania Indemnity Company had as good a case as I had"; and that he would recommend a settlement but that he had no authority to say it would be made. An agent for the Travelers' Insurance Company, which apparently was the insurance carrier for one of the plaintiffs, testified that Mr. Kennedy, an investigator for the garnishee, refused to assist him in interviewing Mrs. Berger and in that connection stated to him that Mrs. Berger did not know anything about the accident and did not recall the details.

The appellee refers to this testimony for the purpose of showing that the company did not have any fair defense in the trespass cases and that therefore they were not prejudiced by the absence of Mrs. Berger. They cite numerous cases to the effect that there must be absolute good faith upon the part of an insurer toward the insured in their dealings when questions arise as to liability under a policy of insurance. Those principles are well settled but have no application here because the contractual duty of the insurer was to protect the insured and not to protect the plaintiffs. The insurance company was entirely within its rights in advising Mrs. Berger not to discuss the case with the representatives of the plaintiffs. We do not regard

this as an improper suppression of evidence as it is a matter of common knowledge that a person not skilled in the law may seriously embarrass those engaged in the defense of an action by talking and perhaps having their statements misconstrued or even misrepresented. The suggestion that the plaintiffs should withhold bringing suit as Mrs. Berger was intending to bring suit in Snyder County certainly did not establish or tend to establish the fact that Mrs. Berger had no defense to the trespass actions. Likewise the discussions as to probability of settlement were mere sales talk. It does not necessarily follow that because one party to an action suggests a possibility of compromise the party making such proposition has no defense to the action, or at least is not interested in limiting the amount of a possible verdict. In this connection Mrs. Cameron admitted that the agent said to her that he did not have authority to settle the claim. The facts remain, notwithstanding all of this testimony, that Mrs. Berger was the sole eye witness to the accident available to the defense and she should have been at the elbow of her counsel or the counsel representing her.

The facts in *Tomlinson v. Goldberg,* supra, clearly distinguish that case from this one. There was in that case another witness to the accident, the insured had not absconded, and the insurer failed to state what efforts were made to have the insured appear or in what respect the insurer was prejudiced by the absence of the defendant in the trespass action. In *Moses v. Ferrel,* supra, this court assumed, for the sake of argument, that the insured failed to assist at trial, but with full knowledge of that fact the insurer continued a defense of the action and took its chance on a verdict. This it could not do: *Malley v. American Indemnity Corp.,* supra. In *Dougherty v. Wood,* supra, the insurer failed to set forth any particular in which he was prejudiced by the alleged failure of the insured to

496

cooperate while here it was admitted that one plaintiff and the defendant were the only eye witnesses and it appeared by indisputable proofs that the insurance company had no opportunity to interview the insured after the pleadings were filed and the plaintiffs had declared the precise nature of the negligence of Mrs. Berger on which they relied.

In *Graham v. U. S. Fid. & Guar. Co.*, supra, the insurer continued to defend the trespass action until judgment was rendered against the insured, and in *Bachman v. Monte,* supra, there was evidence for the jury that the insured was induced by an agent of the insurer to stay away from the trial.

As it clearly appears that the insurer was prejudiced in the present cases by the absence of Mrs. Berger and the circumstances of her absence were shown by records and the admissions of the plaintiffs, the case was for the court and not for the jury and judgment should have been entered for the defendant in each case.

The judgment entered in each case is reversed, and judgments are now entered for the defendant.