## Pennsylvania Manufacturers' Assn. Casualty Insurance Co. v. Mack et al.

*Ledward & Hinkson*, for insurance carrier.

*Greer & Johnson*, for assured.

*Edward F. Hitchcock* and *William Charles Brown*, for Harry B. Sellers et ux.

MacDade, J., December 13, 1940.—A petition for a declaratory judgment has been filed by plaintiff on September 27, 1940, and in said petition the following averments were declared:

"On August 4, 1940, Harry B. Sellers and Regina M. Sellers, his wife, two of the respondents herein, instituted an action in trespass in Philadelphia County, Pa., against the remaining respondent, Florence G. Mack, on account of personal injuries alleged to have been sustained by Regina M. Sellers in an accident while riding in an automobile operated by Miss Mack in Lancaster County, Pa. At the time of the accident, the respondents Sellers lived with Miss Mack at no. 7111 Pennsylvania Avenue, Bywood, Delaware County, Pa., where they have since resided and now reside."

It is also averred that in collusion with the Sellers and their attorney, William Charles Brown, of the Philadelphia Bar, and for the purpose of assisting respondents Sellers in bringing the said trespass action in Philadelphia County, where it could not otherwise have been effectively brought, Florence G. Mack, by prior appointment with the said William Charles Brown, appeared at Broad and Chestnut Streets, Philadelphia, Pa., outside

Mr. Brown's offices, on August 14, 1940. She there met a deputy sheriff of Philadelphia County, Pa., and proceeded by automobile to a friend's house at no. 4116 Elbridge Street, Philadelphia, where she was served with a writ of summons issued in the action aforesaid.

It appears that the Pennsylvania Manufacturers' Association Casualty Insurance Company had issued a policy of automobile liability insurance to Florence G. Mack which covered the automobile in the accident. On February 8, 1940, Miss Mack had notified the company thereof; and on August 15, 1940, she forwarded to the company the writ of summons, served as aforesaid, and requested the company to defend the action on her behalf, in accordance with the terms of the policy. Thereafter Miss Mack, orally and in writing, falsely represented to the company's agent that the writ of summons had not been served by prearrangement as above described, but that she had gone to a friend's house for dinner and, completely to her surprise, had been served while about to enter the house.

The company canceled the aforementioned policy on September 12, 1940, after investigation, and offered to defend the suit against Miss Mack if she would agree that such action would not constitute a waiver of any defenses which the company might have to liability on the policy. This Miss Mack refused to do.

The petition further avers that the actions of the said Florence G. Mack as hereinabove set out constituted a violation of the following clauses contained in the policy of insurance aforementioned:

"The assured shall at all times render to the company all coöperation and assistance in his power."

". . . the assured shall not voluntarily assume any liability or interfere . . . in any legal proceeding."

"This entire policy shall be void if the assured or his agent has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the assured or

his agent shall make any attempt to defraud this company either before or after the loss."

The company therefore requests a judgment declaring that it has no liability under its said policy either to defend Florence G. Mack in the above-referred-to action of trespass, or to indemnify her against any judgment which may be entered against her in the said action; and no liability to either or both of the respondents Sellers to pay any part of any judgment which they might recover in such action.

To the petition so filed, Florence G. Mack and the respondents Sellers have entered separate answers raising questions of law, in which they take the position that:

1. The petition is defective in that it does not set forth that Florence G. Mack could not have been served in Philadelphia County other than in the manner above complained of.

2. The company has failed to set forth any reason why the above-described actions of Florence G. Mack have prejudiced its rights or there is any breach of contract by Miss Mack.

3. This court is without jurisdiction; and

4. The company has no right to a declaratory judgment.

The gist of petitioner's complaint is that, in violation of certain agreements of coöperation contained in its policy of automobile insurance issued to one of the defendants, she accepted service in Philadelphia County of a writ of summons in a suit for damages for automobile injuries brought by the other defendants in Philadelphia County and therefore rendered the said contract of insurance null and void. The merits of the case are not presently at issue.

We do not see that the court should enter into this litigation in view of the fact the question of the responsibility for damages arising out of an accident involving the insured automobile has been assumed by the Court of Common Pleas of Philadelphia County.

Under the doctrine of "comity", the court which first assumes jurisdiction of a matter may continue its assertion without interference from another court: United States v. Marrin, 227 Fed. 314; 10 Vale Penna. Digest, Title "Courts", sec. 475(1).

In Long v. Stout, 21 Westm. 105 (1936), a petition for a declaratory judgment to determine the extent of the interests in a mortgage held by a decedent's estate was refused because relief sought could be obtained as effectively in the orphans' court. The court in banc held that a declaratory judgment proceeding does not supplant or supplement remedies already afforded litigants.

Since the litigation in Philadelphia County may or may not end in establishing any liability upon the insured, and even in the event judgment for plaintiff should be obtained any legitimate defense could be raised by petitioner in a suit upon its contract of insurance, there are no antagonistic claims between petitioner and defendants which indicate immediate and inevitable litigation.

The case of Idell v. Delaware County Poor District, 26 Del. Co. 199, carefully outlines the jurisdiction of the court in this type of proceeding under the Act of May 22, 1935, P. L. 228, supplementing the original Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831-853, which the writer of this opinion sponsored in the legislature as a member thereof and is quite familiar with the purposes to be obtained with such a statute and, although assuming jurisdiction in the interpretation of an architect's contract in that case, noted that the question of the proper court or immediate and inevitable litigation could be raised as a defense in limine.

The leading case of Kariher's Petition (No. 1), 284 Pa. 455, in an opinion by Chief Justice Moschzisker, November 23, 1925, states (p. 471):

". . . the rule is established that it is a matter of judicial discretion whether or not jurisdiction will be taken of any particular case; . . . that a proceeding to obtain

such a judgment will not be entertained where the court lacks jurisdiction of the subject matter involved, . . . or where another statutory remedy has been specially provided for the character of case in hand; . . . and that jurisdiction will never be assumed unless the tribunal appealed to is satisfied that an actual controversy, or the ripening seeds of one, exists between parties, all of whom are sui juris and before the court, and that the declaration sought will be a practical help in ending the controversy. . . .

"Moreover, in a declaratory judgment proceeding the court will not decide future rights in anticipation of an event which may not happen, but, just as in the ordinary executory action, it will wait until the event actually takes place, unless special circumstances appear which warrant an immediate decision, as, for instance, where present rights depend on the declaration sought by plaintiff; and even then such rights will not be determined unless all parties concerned in their adjudication are present and ready to proceed with the case . . . so that the judgment rendered will make the issues involved res judicata in the full sense of that term. . . ."

The Pennsylvania Declaratory Judgments Act was held constitutional, and its real benefits in proper cases recognized, in Kariher's Petition (No. 1), supra.

It must be borne in mind that the insurance company by its petition is asking the court to be relieved of a liability which it assumed in the contract of assurance, by relying upon the alleged defense reserved in the policy; such a defense is an affirmative one and the burden is upon the insurance company to allege the facts and to go forward with evidence in their support: Zenner v. Goetz (Travelers Indemnity Company), 324 Pa. 432.

By bringing a petition for declaratory judgment rather than waiting until proceedings by attachment execution are instituted against it, the insurance company, of course, cannot shift the burden upon the insured although that is what it attempted in its brief. See Dough-

erty et ux. v. Wood et al., 105 Pa. Superior Ct. 1, accord.

Obviously, when the company, for business reasons, elects to insure a risk of this character without excepting claims of persons residing in the same house, it cannot complain when claims are made by such persons or shield itself by an argument that lack of coöperation is shown by the fact that they do reside in the same house.

The out-of-State cases cited by both parties, admittedly from both briefs, contain dictum on the question of acceptance of service; nevertheless, it should be pointed out that Ems v. Continental Auto Insurance Assn., 284 S. W. 824, did not decide that if the jury had found that service had been made by appointment the company would have been entitled to an n. o. v., and that the facts in Buckner v. Buckner et al., 241 N. W. 342, include, among many elements, the service in Illinois upon the insured who was a resident of Wisconsin, and then the permitting by him of a default judgment in Illinois, far different from the facts alleged in this case.

The case of Malley v. American Indemnity Co., 297 Pa. 216, where the court decided on a petition for declaratory judgment whether or not the insurer could avoid liability on an automobile liability policy, is very different, because in that case there had been a final judgment for plaintiff against the insured, and the decision in the declaratory judgment proceeding finally ended the controversy.

An equally important distinction between the instant case and the Malley case, supra, is that in the latter case the insurance company admitted, if the petitioning insured was entitled to relief, he was entitled to it under the Declaratory Judgments Act; the court further stated (p. 221) : ". . . as there is no objection from any source all questions may as well be determined in this proceeding as any other."

The company can fully protect itself by continuing to decline to appear for and defend Miss Mack in the trespass action and, after a final judgment in that proceed-

ing, can raise the present question plus any question involving any steps between now and then either by a later petition, as in the Malley case, or in a defense of either an action in assumpsit or an attachment execution; the fact that petitioner would have to pay the fee and expenses of Miss Mack in the trespass suit (West Phila. Stock Yard Co. v. Maryland Casualty Co., 100 Pa. Superior Ct. 459) is immaterial because, by the same token, petitioner would not have the expense of its own counsel for such defense.

It has been held in Murphy & Co. v. Manufacturers' Casualty Co., 89 Pa. Superior Ct. 281, that, while the insured may recover from insurer his legal expenses in defending a trespass action, he cannot secure expenses incurred in suing the insurer on the insurance policy. If that would also apply to expenses in defending petitions for declaratory judgment, like the present one, respondent may be harassed beyond her financial ability before she has been able to protect herself in the trespass case.

Therefore, we feel that we should not entertain but dismiss the petition for a declaratory judgment because this court has no jurisdiction.

Further we may add that this ruling is supported by the factual situation inasmuch as the petition for a declaratory judgment does not set forth the facts warranting a declaration that the company has no liability to Florence G. Mack. There is no averment where she works, if she does, or what she did, and certainly such facts should be set forth so that it can be ascertained whether or not she could have been served in Philadelphia at a place of business or otherwise without prior arrangement with her.

If she could have been served there daily, a special appointment could have done petitioner no harm. The burden is on petitioner: Zenner v. Goetz, etc., 324 Pa. 432, 435.

In Ohio Casualty Ins. Co. v. Beckwith, 74 F.(2d) 75, 77 (C. C. A. 5th), where the company waived any breach by defending the suit, the court said:

"There is nothing of merit in the contention that appellant was relieved of liability on the ground that the executrix, by waiving personal service of process and voluntarily entering her appearance, violated the 'co-operation' clause. The executrix complied with the obligation of the assured in respect of notice of suit, and she did not assume any liability or make any effort to settle the claim upon which appellee's judgment against her was based. She did not, as it appears to us, violate any provision, express or implied, of that clause."

Acceptance of service of notice was one of numerous points held not to constitute breach of contract of insurance in Glade v. General Mut. Ins. Assn., 216 Iowa 622, 246 N. W. 794, which policy also provided that the insured should not "interfere . . . in any legal proceedings." The facts and holding on this point are set forth in the court's opinion, as follows (p. 625) :

"The plaintiff in the damage action failed to file a petition within the time fixed in the original notice which was served upon Glade [the insured] by the sheriff. Subsequently . . . Glade accepted service of an original notice of the action. In the meantime, appellant had entered a special appearance upon the theory that the plaintiff's petition had not been filed within the time fixed in the original notice. The acceptance of service upon another notice by the defendant, of course, left the special appearance unavailing. . . ."

And at p. 628:

"It has also been pointed out that the acceptance of service on the original notice did not constitute a violation of any of the terms of the policy. No possible prejudice could have resulted therefrom. Appellant had already been apprised of the action and had specially appeared therein. The plaintiff in that action had a perfect right to serve a new notice and thereby obtain jurisdiction of the defendant.

"According to the testimony of the agent of appellant, a copy of the notice on which service was accepted was

promptly forwarded by him to the company. . . . No substantial violation of the terms of the policy by the assured having occurred, it is difficult to conceive how the service of the notice could operate to prevent a waiver."

The petition states that, without the alleged collusion, "the suit could not otherwise have been brought" in Philadelphia; it does not say anything about whether or not Miss Mack could have been served in Philadelphia. The bringing of a suit or an action is its commencement: 5 Words and Phrases, perm. ed., 820, 821, and it is obvious, as a matter of law, that the suit could have been commenced, or brought, in any county in the State.

Petitioner further fails to allege any facts to show that petitioner was or could in any way be prejudiced by a suit in Philadelphia County, rather than in Delaware County, or Lancaster County. Philadelphia is the county where petitioner has its place of business, and it is contiguous to the county in which all the respondents reside.

Petitioner must show real prejudice to avoid liability, as is clear from the cases. General averments of noncooperation (self-serving declarations, in effect, in that case) are insufficient: Dougherty et ux. v. Wood et al., 105 Pa. Superior Ct. 1:

"If there were substance in the defense, it could have been stated; we must assume the pleader did the best he could with the material furnished him, and that no harm resulted from Wood's conduct whatever it was."

So in Moses v. Ferrel et al., 97 Pa. Superior Ct. 13, noncoöperation was not assumed by the failure of the insured to appear at the trial; the company had not subpœnaed him nor taken his depositions.

In Conroy v. Commercial Casualty Ins. Co., 292 Pa. 219, the insured first told the company that his guests were for pleasure, but later said that he had intended the trip for demonstration in the hope of selling the car. The court stated that the fact that the insured made a mistake as to the occurrences is not enough to avoid the policy and that his refusal to sign an affidavit of defense (the ab-

sence of which did not injure the company) did not prejudice defendant company and therefore was not a basis for a repudiation of its liability.

The principle which the cases have drawn is clearly set forth by Mr. Justice Sadler in the Conroy case, supra, as follows:

"It is insisted that there can be no recovery in this case because of the refusal of plaintiff to coöperate in good faith with the insurance company, as required by the terms of the policy. 'In contracts of this kind, to escape liability, the insurer must show that the breach is something more than a mere technical departure from the letter of the bond,—that it is a departure that results in a substantial prejudice and injury to its position in the matter': Frank Parmelee Co. v. Ætna Life Ins. Co., 166 Fed. 741; Porter v. Traders Ins. Co., 164 N. Y. 504. The defendant undertakes to indemnify for compensation, and can be relieved of 'its obligation for suretyship only where a departure from the contract is shown to be a material variance': Young v. American Bonding Co., 228 Pa. 373; Sokoloff v. F. & C. Co., 288 Pa. 211. Unless it appears that something was done or omitted by Conroy to the prejudice of the defendant, the company is not relieved from the duty to make good the loss as it had undertaken to do by its contract."

As the petition fails to allege that Miss Mack could not have been served in Philadelphia County, and fails to allege any prejudice to the company in having this suit in Philadelphia County, the company could not have been harmed by any arrangements as to being served or accepting service, and any statements as to how she came to be served at the particular time and place, whether true or false, were not "material" representations; and the language of insurance policies must, of course, be construed most strongly against companies: West v. MacMillan, 301 Pa. 344, 349.