## Haas v. Smith

604

*Bernard M. Gross,* for plaintiffs.

*John T. Quinn,* for defendant.

OPINION

HAGAN, J., March 15, 1971.—This action was instituted by a complaint in trespass in which plaintiffs claimed damages resulting from an automobile accident in which the original defendant, Valerie A. Smith, (hereinafter called "defendant") was the driver of one of the automobiles involved. An arbitration hearing was held which resulted in a verdict for plaintiffs against defendant. Harleysville Mutual Insurance Company insured defendant at the time of the accident and a writ of attachment execution was issued by plaintiffs against Harleysville. The case between plaintiffs and the garnishee, Harleysville, came on for trial before the undersigned and a jury and resulted in a directed verdict in favor of plaintiffs against Harleysville. Post trial motions were dismissed after the argument before a court en banc and an appeal was taken to the Superior Court. This opinion is written in accordance with Rule 46 of the Superior Court Rules.

The sole issue raised by the garnishee was the failure of defendant to cooperate under the terms of the policy which provides:

"The insured shall cooperate with the Company . . . and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses."

At trial, the parties agreed to the introduction of a stipulation of facts. The facts stipulated to by the parties were as follows:

An arbitration hearing was originally scheduled for June 26, 1967. A letter was sent to defendant at her home in Florida on June 13, 1967, by counsel for the garnishee advising defendant of the hearing date and requesting her to be present and to acknowledge receipt of the letter. On June 15, 1967, defendant wrote garnishee's attorney stating that it was not possible for her to travel to Philadelphia for the June 26th hearing because of her employment and family obligations. At the request of garnishee's attorney, the June 26th hearing was continued to July 6, 1967. On June 27, 1967, garnishee's attorney wrote defendant at her home in Florida advising her of the date of the continued hearing, informing her that her presence was essential and requesting an acknowledgment. The letter was not acknowledged and there is no evidence that it was ever received by defendant.

In addition to the above-mentioned letter sent to defendant by the garnishee's attorney, the garnishee wrote defendant two letters advising her of the July 6, 1967, hearing, informing defendant that her failure to appear would result in a disclaimer and offering to pay her travel expenses. These two letters, however, were sent to the wrong address and there is no evidence that they were ever received by defendant. Defendant did not appear for the arbitration hearing on July 6, 1967, and the attorney for the garnishee did not participate in the hearing, but instead withdrew from the case. The arbitrators entered awards in favor of plaintiffs.

In addition to the above-mentioned stipulation of facts, there was some testimony on behalf of plaintiff and a statement by counsel for the garnishee with respect to certain conversations which took place at the July 6, 1967, arbitration hearing. None of this, however, was relevant to the issue before the court

606

and, therefore, was not considered by the court in the decision of the case.

The burden in this case was upon the garnishee to prove a breach of the cooperation condition of the policy: Cameron v. Berger et al., 336 Pa. 229, 233. The only non-cooperation relied upon by the garnishee was the failure of defendant to appear at the arbitration hearing of July 6, 1967, after defendant had allegedly been notified of the hearing. The two notices sent by the garnishee, however, were sent to the wrong address and are of no probative value. As to the other notice of the July 6, 1967, hearing upon which garnishee relies, the letter by garnishee's attorney, there is no evidence it was ever received.

The only evidence upon which garnishee can rely to sustain its burden of proving noncooperation by defendant, therefore, is one letter, receipt of which was not acknowledged, and as to which there is no evidence it was ever received by defendant. This meager evidence was patently insufficient to sustain garnishee's burden of proof. See Tomlinson v. Goldberg, 121 Pa. Superior Ct. 125.

It was for the foregoing reasons that the trial judge directed a verdict in favor of plaintiffs and the court en banc dismissed garnishee's post trial motion.