## CLEMENTS v. PREFERRED ACC. INS. CO. OF NEW YORK.

### No. 8700.

Circuit Court of Appeals, Eighth Circuit.
May 28, 1930.

John H. Atwood, of Kansas City, Mo. (Harris, Reinhardt & Russell, of Chicago, Ill., and Atwood, Wickersham, Hill & Chilcott and Elon J. Levis, all of Kansas City, Mo., on the brief), for appellant.

Lowell R. Johnson and Charles M. Miller, both of Kansas City, Mo. (Henry M. Shughart, of Kansas City, Mo., on the brief), for appellee.

Before BOOTH and GARDNER, Circuit Judges, and SANBORN, District Judge.

SANBORN, District Judge.

In May, 1921, James P. Newell lived in Chicago, Ill. He had a sixteen year old son, David, an automobile, and a policy of casualty insurance written by the Preferred Accident Insurance Company of New York, No. A. D. 538044. This policy contained the following provisions:

"The Preferred Accident Insurance Company of New York Does Hereby Agree

"(1) To indemnify, within the limits of liability expressed in Condition 'L' hereof, the Assured named and described in Statement No. 1 of the Declarations forming part hereof, against loss by reason of the liability imposed by law upon the Assured for damages on account of bodily injuries, including death at any time resulting therefrom, accidentally suffered or alleged to have been suffered while this Policy is in force by any person or persons, not employed by the Assured, by reason of the ownership, maintenance or use within the limits of the United States of America, or Canada, of any of the automobiles enumerated and described in Statement No. 5 of said Declarations;

"(2) To defend, in the name and on behalf of the Assured, any suits, even if groundless, brought against the Assured to recover damages on account of such happenings as are provided for by the terms of the preceding paragraph; * * *

"Subject to the Following Conditions:

"A. This Policy does not cover * * * loss from liability on account of injuries or death caused or suffered by reason of the ownership, maintenance or use of any automobile under any of the following conditions:

"1. While being driven or manipulated by any person in violation of law as to age, or if there is no legal age limit, under the age of sixteen (16) years. * * *

"The word 'Assured' wherever used in the policy shall include in addition to the Assured named in the policy, any person, firm or corporation riding in or responsible for the operation of the said automobile or automobiles (for the purposes described in the policy) with the permission of said named Assured or (if the named Assured be an individual) with the permission of an adult member of the named Assured's household who is not a chauffeur or a domestic servant; *all obligations of the said named Assured, as set forth herein, to be binding upon said person, firm or corporation.*

"C. The Assured, upon the occurrence of an accident, shall give immediate written notice thereof, with the fullest information obtainable at the time, to the Company's Home Office at New York, N. Y., or to its duly authorized agent. * * *

"The insolvency or bankruptcy of the Assured hereunder shall not release the company from the payment of damages for injuries sustained or loss occasioned during the life of this policy, and in case execution against the Assured is returned unsatisfied in an action brought by the injured, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person or his or her personal representative against the Company under the terms of this policy, for the amount of the judgment in the said action not exceeding the amount of this policy."

Mr. James P. Newell was the named assured. The policy covered his automobile. It was in full force during the month of May, 1921. On May 18, 1921, while David Newell was alone driving the car, he ran into and injured the appellant. He did not notify his father of the accident. David knew nothing of the policy, and his father knew nothing of the accident. The company received no notice from any one at that time or until nearly two years thereafter. The first knowledge that the father had that the appellant claimed to have been injured by his car was in or about March, 1923. He wrote the company on April 17, 1923, that his son had recently told him of the accident.

On May 16, 1923, the company advised Mr. Newell that it would assume no obligations under the policy to his son, because it had not received the notice provided for by the policy; that if suit was filed against his son, he would be obliged to defend it at his own expense, and pay his own attorneys and any judgment which might be rendered against him; that, so far as James P. Newell was concerned, the company would waive the breach of the provision requiring notice, and treat the accident as one covered by the policy, but only on condition that it should not be deemed to have assumed any obligation to David Newell. David was also notified that the company would assume no obligation toward him.

The appellant brought a suit to recover for personal injuries in the circuit court of Jackson county, Mo., against both James P. Newell and David Newell. The company, by its attorneys, defended the suit for James P. Newell alone. The result was a judgment against David Newell for $5,000. Execution upon the judgment was returned unsatisfied. The appellant then commenced this suit against the company under its policy. The company asserted two defenses: That notice had not been given as required by the policy; and that the accident was not one for which it was liable, since David Newell was driving the car in violation of an ordinance of Chicago which required a driver over sixteen years and under eighteen years of age to be accompanied by an adult. A jury was waived, the case was tried to the court, and the court ordered judgment for the company, holding both defenses good. The appeal was from the judgment.

The appellant asserts that the company was liable to her under the policy regardless of the fact that it had no notice of the accident for twenty-three months after it occurred, and regardless of the fact that the car was being driven in violation of the terms of a city ordinance of Chicago at the time of the accident. She claims that the failure of David Newell to give notice could not affect her right to recover under the policy; that the ignorance of David of the existence of the policy and his belief that the injuries of the appellant were not serious, and the fact that he was an unnamed beneficiary, excused him from giving notice.

The provision of the policy requiring immediate notice was a valid provision, and substantial compliance with it was a condition precedent to the right to recover under it. See St. Louis Architectural Iron Co. v. New Amsterdam Casualty Co., 40 F.(2d) 344, and cases therein cited.

In Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 462, 14 S. Ct. 379, 381, 38 L. Ed. 231, the Supreme Court of the United States said: "The compliance of the assured with the terms of the contract is a condition precedent to the right of recovery. If the assured has violated or failed to perform the conditions of the contract, and such violation or want of performance has not been waived by the insurer, then the assured cannot recover. It is immaterial to consider the reasons for the conditions or provisions on which the contract is made to terminate, or any other provision of the policy which has been accepted and agreed upon. It is enough that the parties have made certain terms, conditions on which their contract shall continue or terminate. The courts may not make a contract for the parties. Their function and duty consist simply in enforcing and carrying out the one actually made."

In the policy before us, the insurer contracted for immediate notice in case of an accident as a result of which it might become liable under the policy. This case well illustrates the importance of such a provision to

it. The evidence indicates that at the time of the accident neither the appellant nor David Newell considered her injuries serious. That was apparently the reason that nothing was said by David to his father about the accident. The appellant made no claim and consulted no attorneys with reference to her claim for more than a year. It is probable that if prompt notice of the accident had been given, as required by the policy, the claim of the appellant would have been settled without a lawsuit and at a small expense. In any event, the accident would have been promptly investigated, the cause of it determined, evidence procured, and the nature and extent of the injuries to the appellant ascertained. It is a matter of common knowledge that with lapse of time witnesses disappear. The difficulty of establishing a defense, if one exists, is greatly increased, and the seriousness of injuries becomes either increased or exaggerated. It frequently happens that injuries which may at first be fully compensated for by a small settlement, to the satisfaction of all concerned, later become complicated by mental or nervous disorders, either real or imaginary, which can only be cured by a large verdict. The hazard of insuring against liability for an accident of which an insurer is entitled to immediate notice is an entirely different risk than insuring against such liability where notice may be given at the end of twenty-three months. The premium charged is or should be measured by the hazard assumed. The premium on an insurance contract such as the one involved here which requires prompt notice ought to be one which would be entirely insufficient to carry a policy which provided that notice should be deemed sufficient if given within two years from the time of the accident. This merely illustrates the importance of giving effect to the terms of the contract of insurance substantially as they are agreed to.

In Maryland Casualty Co. v. Bank of England, 2 F.(2d) 793, 796, this court said: "The difficulty in this, as in some other insurance cases, is that the insured takes the view that all that is necessary to recovery on a bond or policy is to pay the premium and suffer a loss. That is rarely the case. The premium is graduated according to the extent of risk as based on experience and reason. The risk of turning a person loose with money without check, word or supervision is one thing, while the risk on the same person under careful, frequent check and supervision is quite another. These promissory obligations of the insured which affect the risk are about

the only safeguards the insurer has and cannot be lightly disregarded." See, also, New Amsterdam Casualty Co. v. Farmers' Co-op. Union (C. C. A.) 2 F.(2d) 214.

In National Surety Co. v. Long (C. C. A.) 125 F. 887, 889, which involved liability under an indemnity bond which required immediate notice of default on the part of the contractor who was bonded, the obligee contended that if reasonable care was exercised in giving notice it was sufficient. This court used the following language: "The very purpose of a promise or of a covenant is to relieve the obligee of all inquiry relative to the care or negligence with which the obligor acts in its fulfillment, and to impose upon the latter the absolute obligation to perform it. Nothing less than full performance satisfies the undertaking. The obligation of a promise or of a covenant to pay a debt or to do an act is not to use ordinary care to comply with the terms of the agreement, but it is to perform it; and, in an action for its breach, it is not material what care the obligor used, or what negligence he was guilty of, in his endeavor to fulfill it. *The only question is, did he perform his contract?* Guarantee Co. v. Mechanics' etc., Co., 183 U. S. 402, 421, 422, 22 S. Ct. 124, 46 L. Ed. 253. The covenant of the plaintiff in the case under consideration was to immediately notify the surety company of any failure or inability of the contractor to construct and complete the building at the time and in the manner specified in the contract, and the question was not whether or not, although he failed to give the notice, he had exercised ordinary care to do so, *but whether or not he had actually given the notice immediately upon the appearance of the known inability and failure of the contractor to perform his agreement.*"

█ The failure to give notice in this case left the insurance company in a position to deny all liability under the policy. It could waive this right either in whole or in part. It did not have to deny all liability or to assume all liability under the policy which covered both James P. Newell and David Newell. The company waived its right only as to James P. Newell.

█ The appellant had the right to recover against the company upon the execution issued upon her judgment against David Newell being returned unsatisfied, if David Newell would have had that right in case he had paid the judgment. United States Casualty Co. v. Breese, 21 Ohio App. 521, 153 N. E. 206; Weiss v. New Jersey Fidelity & Plate Glass Ins. Co., 131 Misc. Rep. 836, 228 N. Y. S.

314; Lorando v. Gethro, 228 Mass. 181, 117 N. E. 185, 187, 1 A. L. R. 1374. In the last case, the Supreme Court of Massachusetts construed a state statute which permitted an injured person, after having obtained judgment against an insured, to sue the insurer direct, and provided that, in the event of loss, the liability of the insurance company should become absolute. The court held that the statute meant only that, in an action by the injured person against the insurer, the liability of the insurer in so far as the amount of the loss was concerned should not be in dispute. The court said: "Whatever may be their degree of financial responsibility, the clause does not mean that the other valid conditions of a contract of casualty insurance are abrogated. Whatever conditions are imposed by that contract, whether as to written notice by the insured to the insurer of any accident and claim, the delivery to the insured of summons in case of action instituted, as to time of bringing action on the policy, or otherwise, are left in full force, unaffected by this clause."

■ It is apparent that, since the insurer here did not receive the notice to which it was entitled under the terms of its policy, and since it was thereby relieved of its liability under the policy to David Newell, who alone was liable to the appellant, the appellant could not recover in this action. It therefore becomes unnecessary to consider any other question.

The judgment is affirmed.