**HAWKEYE–SECURITY INS. CO.**
**v.**
**MYERS et al.**
**No. 10887.**

United States Court of Appeals
Seventh Circuit.

Feb. 23, 1954.

Arthur S. Gomberg, Samuel Nineberg and Plack & Wrobel, all of Chicago, Ill., for appellants.

Paul A. La Rocque, Chicago, Ill., for appellee.

Before DUFFY, FINNEGAN and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

The plaintiff, Hawkeye-Security Insurance Co., brought this action against the defendants, Hollis Myers and Rose Willis, seeking a declaratory judgment adjudicating that it was not liable, under its automobile liability insurance policy issued to Hollis Myers, for damages for injuries suffered by Rose Willis

in an accident which occurred on March 31, 1951, when she was struck by a Hudson automobile which was being driven by Myers. The insurance policy as issued gave Myers coverage from August 23, 1950, to August 23, 1951.

The complaint alleged that Hollis Myers, while driving and operating said Hudson automobile, was involved in an accident in which the defendant, Rose Willis, allegedly suffered bodily injury; that Myers thereupon took Rose Willis from the scene of the accident to a hospital in the City of Chicago for the purpose of obtaining treatment for the injuries, and that Myers knew on that date that Rose Willis had not only received treatment for bodily injuries, but that she was also hospitalized therefor and remained confined in the hospital. The plaintiff attached a copy of the insurance policy to, and made it a part of, the complaint. The automobile described in the policy issued to Myers was a 1949 Pontiac two-door sedan.

The complaint alleged that the Pontiac sedan described in the insurance policy had been traded in by Myers on a new Hudson automobile, which was delivered to Myers on March 14, 1951; that the first knowledge the plaintiff had of Myers' acquisition of the new Hudson automobile was received by the plaintiff on the 3rd day of May, 1951, in a letter written by Myers' attorney requesting an endorsement on the policy to cover the newly acquired automobile; that plaintiff's first knowledge of the occurrence of the accident was received by it on the 5th day of May, 1951, and was acquired from a report of the accident, dated April 28, 1951, which was signed by Myers and gave the name of the person injured as Rose Williams; that the defendant Hollis Myers never gave the correct name of the injured party to the plaintiff or to any of its authorized agents; and that in its investigation of the reported accident the plaintiff learned that the car which Myers was operating at the time of the accident was not the 1949 Pontiac described in the policy but was the 1951 Hudson which had been delivered to Myers on March 14, 1951, by Fohrman Motors, Inc.

The complaint stated that the investigation of the accident was made by plaintiff pursuant to a full reservation of its rights, notice of which was given to Myers on May 22, 1951; that thereafter the plaintiff notified Myers of its denial of coverage of the accident and gave notice to Myers of the cancellation of the policy and, in connection with the cancellation, authorized and caused a pro rata refund to Myers of the premium on the policy, prorated as of March 14, 1951.

In the complaint the plaintiff recited that the defendant Rose Willis had filed an action against the defendant Hollis Myers seeking to recover damages because of her alleged bodily injuries sustained in the accident and that "if plaintiff defends said state court action it is estopped from raising any question as to coverage and if it does not defend said state court action it takes the risk of said suit being inadequately defended with excessive damages to pay in case it is subsequently found liable"; and that the foregoing facts constitute an actual controversy between the parties.

The plaintiff prayed for judgment against the defendants, adjudging and determining that the plaintiff was not obligated under said policy of insurance in connection with said Hudson automobile or in connection with the accident in which it was involved; and that the plaintiff was not obliged to defend the action brought by Rose Willis against Myers nor to pay any judgment or costs which might be assessed against Myers in said action.

In his answer to the complaint the defendant Hollis Myers admitted the occurrence of the accident and that he took Rose Willis from the scene of the accident to the hospital, but he denied the allegations of the complaint that the plaintiff was not given notice of his acquisition of the Hudson automobile until May 3, 1951, and that plaintiff was not given notice of the occurrence of the accident until May 5, 1951.

During the trial Myers testified that on the evening he received delivery of the Hudson automobile, the salesman who sold it to him said that he, the salesman, would take care of the transfer of the insurance policy to cover the newly acquired Hudson. Myers also said that on Monday morning following the accident, April 2, 1951, he called the insurance company by telephone and reported the occurrence of the accident and the car he was then driving. But a written statement, dated May 21, 1951, written out by an adjuster for the plaintiff insurance company and signed by Myers, stated: "The police told me that they would report the accident to my insurance company whose name I supplied them with and this is why I didn't report the accident myself to the insurance company covering my car."

We think that the evidence in this case fully supported the District Court findings that Myers accepted delivery of the new Hudson automobile on March 14, 1951; that the insurance company was not notified of this until May 3, 1951; that there was no request for a transfer of the coverage from the Pontiac to the Hudson for more than thirty days after the delivery of the Hudson to Myers; that the plaintiff first learned of Myers' acquisition of the Hudson when it received the request, dated May 3, 1951, to transfer the coverage from the Pontiac to the Hudson; that the plaintiff first learned of the accident, which occurred on March 31, 1951, on May 5, 1951, when the written report thereof was received; that no notice of the accident was given to the plaintiff by or on behalf of Myers prior to the notice received on May 5, 1951; that such notice was, therefore, not given as soon as practicable under the circumstances; and that said notice did not comply with the policy provision which required that the notice of the accident should contain reasonably obtainable information respecting the circumstances of such accident, the name and address of the injured party and the names and addresses of available witnesses.

The defendant Myers also testified that about the middle of April 1951, he and his wife separated and that he thereupon left his usual place of residence without leaving any forwarding address; that neither his wife nor anyone else knew where he was; that, after moving from place to place in Chicago, he left Illinois and moved to Fort Smith, Arkansas, and that, therefore, for several months his whereabouts were unknown to the insurance company. On this evidence the trial court found that Myers in this manner failed to give his cooperation to the plaintiff insurance company as required by the insurance policy.

The court concluded that Myers was obligated by the terms of the insurance policy to notify the plaintiff within thirty days following the date of delivery of the Hudson automobile to him; that Myers was also legally obligated by the terms of the policy to give notice of the accident "as soon as practicable"; and that he was legally obligated to furnish reasonably obtainable information as to the circumstances of the accident, the name and address of the injured and the names and addresses of witnesses. The court concluded, further, that Myers was legally obligated to cooperate with the plaintiff and that he was guilty of breaches of the insurance contract in reference to all of these legal obligations. The District Court found that the plaintiff was not under any duty to defend or indemnify Myers in any suit arising out of the ownership, maintenance or use of the Hudson automobile, or in any suit arising out of the accident of March 31, 1951; and finally found and concluded that the contract of insurance here in question was effectively cancelled as of March 14, 1951.

In their briefs in this court the defendants Myers and Willis attack the judgment below, first, on the theory that the provisions of the insurance policy concerning newly acquired automobiles provided automatic insurance coverage for the newly acquired Hudson automobile for thirty days from March 14, 1951,

the time of its acquisition, regardless of the failure of Willis to give any notice within thirty days of its acquisition; second, on the proposition that the cancellation was ineffective prior to the date named in the notice for the cancellation to become effective; and, third, because of the alleged failure of the insurer to refund to Myers the unearned premium on the policy in strict conformity with the terms of the policy.

But, even if the defendants are correct on each of these contentions, we are still compelled to affirm the judgment of the District Court because it is supported by Findings of Fact and Conclusions of Law which the defendants have not questioned.

The District Court, trying the case without a jury, found that the plaintiff first learned of the accident of March 31, 1951, in which the defendant Willis was injured, on May 5, 1951, thirty-five days after the accident, at which time the insurer received the accident report signed by Myers; that no report of the accident was given by or on behalf of Myers prior to this notice; that the policy in question provided, as the first condition of the insurance agreement, that notice of an accident should be given "as soon as practicable"; and that such notice was not given as soon as practicable. The trial court also found that the defendant Myers was legally obligated by the terms of this same condition in the policy to include in the notice of the accident reasonably obtainable information respecting the circumstances of the accident, the name and address of the injured and the names and addresses of available witnesses, and that Myers also failed to comply with this provision. The trial court found, further, that Myers failed to cooperate with the plaintiff, as expressly required by Condition 16 of the policy, by absenting himself from his usual place of residence without leaving any forwarding address, and that he also left the State of Illinois under like circumstances. None of these findings could be successfully attacked by the de-

fendants because they were all supported by substantial evidence.

On these findings the trial court concluded as a matter of law that the defendant had breached the insurance contract in each of these particulars. The court concluded that the coverage afforded by the policy never extended to the accident of March 31, 1951.

■■ We think these conclusions of law are supported by the above findings of fact. It is true that conditions are inserted in insurance policies by the insurer for its protection and should be construed, where such construction is permissible, against the insurer. Hoffman v. Illinois National Casualty Co., 7 Cir., 159 F.2d 564, 565. It is equally true, however, that the insurance policy is the contract between the parties and that the provisions of that contract, which are clear and unambiguous and which are neither illegal by statute nor by reason of their being against public policy, should be enforced by the courts. The courts may not rewrite for the parties insurance contracts which are clear and unambiguous. DeWalt v. State Farm Mutual Automobile Insurance Co. of Bloomington, Illinois, 8 Cir., 111 F.2d 699, 703; Zitnik v. Burik, 395 Ill. 182, 187, 69 N.E.2d 888.

■■ The provision that the assured shall give timely notice of an accident is a reasonable requirement which is ordinarily inserted in insurance policies covering public liability. Such a notice, if promptly given, enables the insurer to make an investigation of the accident while the circumstances are still fresh in the minds of the parties involved and of the witnesses. The insurer may thus advise itself as to whether it should settle any claim arising therefrom or whether it should prepare to defend any action which might be brought to recover damages for any injury caused by the accident. The failure to comply with such a provision, where compliance has not been waived by the insurer, relieves the insurer of liabilities arising out of that accident. Clements v. Preferred

Accident Insurance Co., 8 Cir., 41 F.2d 470, 472, 76 A.L.R. 17.

■ The District Court having found that the defendant Myers had breached the provision of the contract requiring his cooperation and the giving of notice of the accident by or on behalf of Myers as soon as practicable, it necessarily follows that the plaintiff insurance company was thereby relieved of liability for injuries which the defendant Willis may have suffered as a result of that accident. This is true regardless of whether the cancellation of the policy as of March 14, 1951, was legal or whether there was automatic coverage of the new Hudson for thirty days following its acquisition.

■ The appellants in the instant case also contend that under the Illinois Safety Responsibility Law, Illinois Revised Statutes, 1951, Chap. 95½, § 58b et seq., the liability of an insurance company on an automobile liability policy becomes absolute upon the occurrence of an accident causing injury to a third person, regardless of breaches by the insured of the conditions as to notice and cooperation. The appellants base this contention on a New Hampshire case, Farm Bureau Automobile Insurance Co. v. Martin, 97 N.H. 196, 84 A.2d 823, 29 A.L.R.2d 811, which so held under the New Hampshire Compulsory Automobile Insurance Law, section 16 of Chapter 122 of the Revised Laws of New Hampshire. Paragraph III of this Act provides:

"With respect to accidents which occur within this state and subject to the minimum limits of liability validly made under the authority of paragraph VII of section 1 of this chapter the policy is to be interpreted with reference hereto and the liability of the company under the policy shall thereby become absolute upon the occurrence of such an accident; * * *."

But the Illinois law does not provide for compulsory liability insurance by all owners and drivers of automobiles. It provides only than any person whose license has been revoked or whose driving privileges have been suspended *shall*, and that other persons *may*, file proof of their ability to respond in damages for any liability thereafter incurred resulting from the ownership or operation of an automobile.

Section 58e of the Illinois Act provides that such proof may be made in various ways, including the filing with, and the acceptance by, the Secretary of State of proof that the person has a valid policy of automobile liability insurance which is in full force and effect. It is true that, as to liability policies so filed with and accepted by the Secretary of State as proof of financial responsibility, there is, in Section 58k of the Illinois Act, a provision that "the liability of the insurance carrier under any such policy shall become absolute whenever loss or damage covered by such policy occurs * * *." But in the instant case there was no showing that this liability insurance policy had been filed with and accepted by the Secretary of State as proof of Myers' financial responsibility. The above quoted provision of Section 58k of the Act is, therefore, not applicable.

The conditions of the liability policy issued to the defendant Myers as to notice and as to cooperation by the insured were, therefore, left in full force and effect, and the breaches of these conditions by Myers, as we have shown above, relieved the plaintiff insurance company from liability arising from the accident in which the defendant Willis was injured.

The judgment of the District Court is affirmed.