**CANADIAN UNIVERSAL INSURANCE COMPANY, Limited, formerly known as Newfoundland American Insurance Company, Limited, Plaintiff-Appellee,**

v.

**NORTHWEST HOSPITAL, INC., an Illinois corporation, Defendant-Appellant.**

**No. 15918.**

United States Court of Appeals
Seventh Circuit.

Feb. 7, 1968.

Ralph G. Scheu, Chicago, Ill., for appellant.

C. Barry Montgomery, Jacobs, Williams & Montgomery, Chicago, Ill., for plaintiff-appellee. Lloyd E. Williams, Jr., Chicago, Ill., of counsel.

Before KILEY, SWYGERT and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

This diversity action sought a declaratory judgment that the plaintiff insurance company was not obligated under a professional liability policy issued to Northwest Hospital, a Chicago institution.

The facts are largely undisputed. On January 7, 1960, Anne Schwartz was injured on a sidewalk in Chicago and became a patient at Northwest Hospital. On her February 12, 1960, discharge from treatment, Mrs. Schwartz fell in the

vestibule of the hospital and had to be readmitted. Her second discharge was on March 16, 1960. The February 12 accident is the one involved in this suit. On the following day the hospital's administrator learned of Mrs. Schwartz' injury but inadvertently failed to report it to plaintiff Insurer or its agents.

On February 9, 1962, Mrs. Schwartz and her husband sued Northwest Hospital and the City of Chicago in the Circuit Court of Cook County, Illinois.[1] Count I was against the City of Chicago and concerned Mrs. Schwartz' January 7, 1960, fall on a public sidewalk. Count II was against Northwest Hospital and concerned Mrs. Schwartz' February 12, 1960, fall in the hospital vestibule and claimed $170,000 in damages to herself and her husband. The summons and amended complaint were served on Northwest Hospital on February 16, 1962.

Plaintiff Insurer first received notice of the February 12, 1960, accident on February 28, 1962. The notice came to Insurer through a February 23, 1962, letter from its Chicago agents who had been notified by Northwest Hospital's insurance broker after the filing of the 1962 Schwartz suit.

On March 5, 1962, plaintiff Insurer forwarded the Schwartz summons and complaint to its Chicago law firm, stating that the $170,000 demand exceeded the policy limit[2] and that:

"It would also be advisable to reserve our rights under the policy before putting in a general appearance inasmuch as the [Schwartz] Summons and Complaint constitute first notice to this [plaintiff] Company."

As to notice, Paragraph 2 of the insurance policy provided:

"Notice of Injury, Claim or Suit. Upon the insured becoming aware of any alleged injury covered hereby, written notice shall be given by or on

---

1. That suit was commenced by filing an amended complaint adding Count II against Northwest Hospital. A prior suit was solely against the City of Chicago.

2. The limits of liability for bodily injury were $25,000 for each person and $75,000 for each accident.

behalf of the insured to the company or any of its authorized agents as soon as practicable, together with the fullest information obtainable. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

On April 6, 1962, plaintiff wrote Northwest Hospital to acknowledge receipt of the notice of accident. This letter stated:

"We wish to advise you that this Company accepts this notice subject to a full reservation of all of its rights under Policy No. NGPL 1687 and that any investigation or other action in connection with this accident will be undertaken with the distinct understanding that in so doing this Company does not waive any of its rights under the said policy to disclaim coverage because of your failure to give this Company written notice of the accident as soon as practicable, and for such other reasons as may appear."

Northwest Hospital concedes that in 1961 the landing above the place where Mrs. Schwartz fell was extended 6 inches, and that the entire entrance was eliminated in 1964 or 1965.

Because of Northwest Hospital's two-year delay in notifying it of the accident, plaintiff Insurer asserted below that the hospital breached the above-quoted notice clause, thus relieving the Insurer of its obligations under the policy. The District Court sustained this defense and therefore granted summary judgment for the Insurer. We affirm.

■ Northwest Hospital first argues that the Insurer's letter of April 6, 1962, was an ineffective reservation of rights under the policy because the body of the letter does not refer to the name of the claimant or the date of the accident. This argument is without merit, for the

reference portion of the letter reads as follows:

"RE: Policy NGPL 1687

Assured: Northwest Hospital, Inc.

Claimant: Anne Schwartz

Date of Accident: January 7, 1960

Claim No. 28070 a/or Feb. 12, 1960" [3]

This letter was adequate to reserve the rights of the Insurer under the insurance policy. It is immaterial that the reference portion also referred to January 7, 1960, the date of Mrs. Schwartz' earlier accident on the public sidewalk. The handwritten date, "Feb. 12, 1960," apprised the hospital that the Insurer was referring to the date of Mrs. Schwartz' accident in the vestibule of the hospital. That was the only accident that concerned the Insurer. Only the City of Chicago was involved in the prior sidewalk accident claim.

■ Because of the inclusion of the February 12, 1960, date in the reference portion, it is unimportant that the first sentence of the body of the letter referred to the date of the accident as having occurred on January 7, 1960, the date of the sidewalk accident. The hospital has not shown that it was misled by the fact that the Insurer's letter referred *in toto* to both accident dates. In fact, the hospital did not question the sufficiency of this letter until 15 days before the District Court entered summary judgment.

■ The hospital next argues that the Insurer waived its reservation of rights before sending the April 6, 1962, letter to the hospital. The hospital asserts that the Insurer was required to rely on the breach of notice as soon as it received notice of the accident on February 28, 1962. However, the notice clause only required the insured to give notice "as soon as practicable" after becoming aware of an alleged injury. In

---

3. The words "a/or Feb. 12, 1960" were added in ink by Insurer before the letter was dispatched.

view of this language, it was essential for the Insurer to investigate when the hospital first learned of the accident. See Century Indemnity Company v. Serafine, 311 F.2d 676, 679–680 (7th Cir. 1963). The results of this investigation, revealing that the hospital had learned of the accident on February 13, 1960, did not reach the Insurer until March 28, 1962. Therefore, the Insurer's reservation of rights letter of April 6, 1962, cannot be deemed tardy.

■ We have carefully examined the hospital's arguments that certain preliminary steps taken by the Insurer's attorneys constituted a waiver and have concluded that they cannot reasonably be so interpreted. We agree with the District Court that under Home Indemnity Company of New York v. Allen, 190 F.2d 490 (7th Cir. 1951), the hospital has not satisfied its burden of proving waiver.

Finally, reiterating a point first raised in its motion for reconsideration, the hospital contends that there was no valid reservation of rights because the Insurer has shown no prejudice resulting from the lack of timely notice. However, in its reply brief the hospital admits that it is unclear whether an insurer must show prejudice in order to prevail in notice clause cases in Illinois.[4]

As we pointed out in Hawkeye-Security Insurance Company v. Myers, 210 F.2d 890, 893 (7th Cir. 1954), a provision that the insured must give timely notice of an accident is a reasonable and common requirement enabling the insurer to make an investigation while the circumstances are still fresh in the minds of the parties and the witnesses. This enables an insurer to decide whether to settle or defend any claims arising from the accident.

In Simmon v. Iowa Mutual Casualty Company, 3 Ill.2d 318, 121 N.E.2d 509 (1954), the insured did not give the insurance company notice of a June 30, 1948, accident in which her car struck plaintiff pedestrian. The court stated (at p. 322, 121 N.E.2d at p. 511):

"We are in agreement with the contention that lack of prejudice may be a factor in determining the question of whether a reasonable notice was given in a particular case yet it is not a condition which will dispense with the requirement."

There the pedestrian victim promptly supplied the insurer with the necessary information so that the insurer was not prejudiced, and the suit was held not barred by reason of the insured's failure to give the insurer notice of the accident. At the least, Simmon seems to recognize that prejudice to the insurer will be considered in notice clause cases.[5]

Similarly, in the Home Indemnity case, supra, the District Court apparently interpreted Illinois law as requiring a showing that the insurer was prejudiced by the delayed notice, for the Court submitted an ·interrogatory to the jury which returned a special verdict to the effect that the insurer had been prejudiced by the failure to notify it promptly of the accident. Otherwise, aside from waiver, its defense would not have been sustained. This Court did not pass upon the question of prejudice, for the only issue on the Home Indemnity appeal was whether the insurer had waived the notice clause.

■ Assuming that the prejudice standard is applicable under the Simmon and Home Indemnity cases, we think that the District Court could justifiably conclude that the two-year delay in giving notice was unreasonable in itself, giving rise to a presumption of prejudice. Hartford Accident and Indemnity Co. v. Lochmandy Buick Sales, 302 F.2d 565,

4. In this respect, the hospital has cited McKenna, "The Insurer's Dilemma," 52 Illinois Bar Journal 918, 922 (1964).

5. Plaintiff relies on Allstate Insurance Company v. Keller, 17 Ill.App.2d 44, 149 N.E.2d 482, 70 A.L.R.2d 1190 (1958), to show that no showing of prejudice is required, but that was a breach of co-operation clause case, and the holding was reinforced by the Illinois Appellate Court's conclusion that public policy requires strict enforcement of such clauses (17 Ill.App.2d at p. 49, 149 N.E.2d 482).

567–568 (7th Cir. 1962). Not only has this presumption of prejudice been unrebutted by the hospital, but actually it has been strengthened by the hospital's reply brief admission that the vestibule conditions had changed between the time of the accident and the time of notice.

Affirmed.